SCHOTT, Judge
dissenting:
The result reached by the majority is that the will of a Mississippi domiciliary executed in Louisiana in a form authorized by Mississippi law and probated by a Mississippi court is considered invalid in Louisi *16 ana because the form is not authorized by Louisiana law.
Under Louisiana law an olographic will is a valid form. It need only be written, dated and signed by the testator; and it may be made anywhere, even out of the state. C.C. art. 1588. Under the logic of the majority if a Louisiana domiciliary writes an olographic will in a state where that form is not authorized and the will is probated here, in the event that the will must be executed in the state where written it should be considered invalid.
I find this offensive because it undermines the provision of art. 1588 which allows a Louisianian to make an olographic will anywhere and because it seems to undermine the effectiveness of the Uniform Probate Law one of whose purposes is to promote comity and reciprocity among the states. If we in Louisiana decline to recognize the validity of the will written by a “foreign” domiciliary because it does not conform to our laws as to form we cannot expect courts in other states to recognize olographic wills written by our domiciliar-ios in those states where that form is not recognized.
I respectfully disagree with the construction placed on R.S. 9:2423 by my colleagues and would reverse the judgment of the trial court.
AFFIRMED.
SCHOTT, Judge, assigning reasons for voting for a rehearing:
The opinion of the majority is in conflict with the opinion of the Supreme Court in Succession of Gaines, 45 La.Ann. 1237, 14 So. 233 (La.1893).